# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| TERESA WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. |
| vs. | ) |
| | ) |
| WAL-MART STORES EAST, LP, et al. | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant Wal-Mart Stores East, LP, with full reservation of all defenses, objections and denials, including but not limited to service, jurisdiction, venue, and statute of limitations, and hereby removes the above-captioned matter from the Circuit Court of Platte County, Missouri, to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Defendant states the following:

### I. PROCEDURAL REQUIREMENTS

1. Plaintiff Teresa Wallace filed the instant lawsuit against Defendant Wal-Mart Stores East, LP (hereinafter "Defendant Walmart"), in the Circuit Court of Plate County, Missouri, Case No. 20AE-CC00169, on June 26, 2020.

2. To date, Defendant Walmart has not been served with the Petition for Damage. On July 9, 2020, a courtesy copy of the Petition was emailed to Defendant Walmart by Plaintiff's counsel. Defendant Walmart has not yet answered Plaintiff's Petition.

3. As required by 28 U.S.C. § 1446(a), a copy of all records and proceedings from the Circuit Court of Platte County, Missouri, are attached hereto as Exhibit A.

4. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a) as it is the United States District Court embracing the District Court of Platte County,

Missouri, where Plaintiff's Petition is currently pending. *See* 28 U.S.C. § 96.

5. Without waiving any objection to service, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because the same has been filed within thirty (30) days of service.

6. Pursuant to 28 U.S.C. § 1446(d), Defendant Walmart will file written notice of this removal with the Clerk of the Circuit Court of Platte County, Missouri, where Plaintiff's Petition is currently pending. A copy of the notice is attached hereto as Exhibit B. A copy of this Notice of Removal and the written notice of the Notice of Filing Notice of Removal have been served upon Plaintiff.

## II. DIVERSITY OF CITIZENSHIP

7. Upon information and belief, Plaintiff is a citizen of Kansas. *See* Exhibit A, Plaintiff's Petition, ¶ 1.

8. Defendant Wal-Mart Stores East, LP is a Delaware Limited Partnership. The General Partner of Wal-Mart Stores East, L.P., is WSE Management, LLC. The limited partner of Wal-Mart Stores East, LP, is WSE Investment, LLC. The only member of WSE Management, LLC, and WSE Investment, LLC, is Wal-Mart Stores East, LLC. The only member of Wal-Mart Stores East, LLC, is Wal-Mart Stores, Inc. Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Thus, this Defendant is a citizen of Delaware and Arkansas.

9. Defendant Mark Hoyt is alleged to be a citizen of Missouri. *See* Exhibit A, Plaintiff's Petition, ¶ 3.[1] However, as explained below, Plaintiff fraudulently joined Mr. Hoyt as a party in this action. Therefore, his citizenship must be disregarded for purposes of determining diversity jurisdiction. *See McCall v. Dillard's, Inc.*, No. 10-01230-CV-W-FJG, 2011 WL 723036,

---

[1] Defendant Hoyt is a former employee of Defendant Walmart.

2

at *1 (W.D. Mo. Feb. 23, 2011) (when a defendant has been fraudulently joined, "the Court must disregard his citizenship to evaluate diversity jurisdiction under 28 U.S.C. § 1332."); *see also* *Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007) ("[T]he right of an out-of-state defendant to remove a diversity suit to federal court 'cannot be defeated by a fraudulent joinder of a resident defendant.'" (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921))).

10. As Plaintiff is a citizen of Kansas, Defendant Walmart is a citizen of Delaware and Arkansas, and Defendant Hoyt is alleged to be a citizen of Missouri, diversity of citizenship exists.

11. To date, Defendant Hoyt has not yet been served. *See* Exhibit A. Plaintiff has requested Defendant Hoyt to be served at the store where the incident occurred.[2] However, Mr. Hoyt is no longer employed by Defendant Walmart. Therefore, Defendant Hoyt has not been "properly joined and served" for the resident defendant rule to apply. *See* 28 U.S.C. § 1441(b).[3]

12. In addition, it is not anticipated that Mr. Hoyt will be served prior to the removal of this matter. Therefore, Mr. Hoyt's consent to removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). Further, as argued more below, Defendant Hoyt is not properly joined in this matter.

### III. FRAUDULENT JOINDER OF DEFENDANT HOYT

13. Joinder is fraudulent where state law precludes or otherwise does not support a cause of action against the defendant. *Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 893 (8th Cir. 2014) (affirming denial of plaintiffs' motion to remand based on fraudulent joinder because plaintiffs' claims lacked any reasonable basis in fact and law). To prove fraudulent joinder, the

---

[2] *See* Exhibit A, Summons to Defendant Hoyt.
[3] *See* Missouri Rules of Civil Procedure, 54.13(b)(1), which does not include service on an individual to take place at a place of prior employment.

defendant seeking removal must prove that the claim against the diversity destroying party has "no reasonable basis in fact and law." *Caranchini v. Kozeny & McCubbin, LLC*, No. 4:11-CV-0464-DGK, 2011 WL 5921364, at *4 (W.D. Mo. Nov. 28, 2011) ("If there is no reasonable basis in fact or law for the claim, the court ignores the citizenship of the fraudulently joined defendant for purposes of determining diversity.").

14. Simply put, fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action. *See Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). Under this standard, if "the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla*, 336 F.3d at 810 (internal quotation marks omitted); *see also Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (Fraudulent joinder occurs where "on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant."); *see also Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (noting that the Rule 12(b)(6) standard is "more demanding" than the *Filla* standard).

15. In this case, Plaintiff alleges that she slipped and fell while in the Walmart located at 8551 N. Broadwalk Avenue, Kansas City, Missouri. *See* Exhibit A, Plaintiff's Petition, ¶ 2.

16. The only basis of Plaintiff's claims against Defendant Hoyt is that he was the manager at the time of the incident. *See* Exhibit A, Plaintiff's Petition, ¶ 4. However, Plaintiff has failed to allege any factual allegations against Defendant Hoyt personally on how he beached any duty to Plaintiff; instead, all allegations are either combined as to Defendant Hoyt and Defendant Walmart, or only against Defendant Walmart. *See* Exhibit A, Plaintiff's Petition, ¶¶ 7-10.

17. "The right of an out-of-state defendant to remove a diversity suit to federal court

4

Case 5:20-cv-06111-HFS   Document 1   Filed 08/04/20   Page 4 of 8

'cannot be defeated by a fraudulent joinder of a resident defendant.'" *Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007). Fraudulent joinder exists where "the claim against the diversity destroying defendant has 'no reasonable basis in fact and law.'" *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011).

18. Plaintiff has fraudulently and improperly joined Defendant Hoyt in this case solely for the purpose of obtaining jurisdiction and venue in the Circuit Court of Platte County, Missouri and in order to prevent the removal of this case to federal court.

19. The claims made against Defendant Hoyt are based solely upon acts he may or may not have taken in the course and scope of his employment with Defendant Walmart. *See* Exhibit A, Plaintiff's Petition, ¶¶ 4, 7-9.

20. Missouri law is clear that an agent is not individually liable for lawful acts performed within the scope of the agent's authority for a disclosed principal. *K&G Farms v. Monroe County Service Co.*, 134 S.W.3d 40, 45 (Mo. App. 2003). In this case, Plaintiff's Petition establishes that the acts of Defendant Hoyt were performed in the course and scope of his employment with Defendant Walmart.

21. Further, under Missouri law, "an employee may be held personally liable to a third party where he has or assumes full or complete control of his employer's premises, or, if he does not have complete control of the premises, where he breaches some duty to a third party." *Reeb v. Wal-Mart Stores, Inc.*, 902 F.Supp. 188 (E.D. Mo. 1995). Nowhere in Plaintiff's Petition has Plaintiff alleged that Mr. Hoyt was in full or complete control of the premises. *See* Exhibit A, Plaintiff's Petition. Further, Plaintiff has failed to allege any claims specifically against Defendant Hoyt on how he breached any duty to Plaintiff. In fact, Plaintiff has not even alleged that Defendant Hoyt was present on the day or time of the incident. Instead, all the allegations


5


regarding the breach of the duty are directed only to Defendant Walmart. *See* Exhibit A, Plaintiff's Petition, ¶ 10.

22. Joinder of a party designed solely to deprive the federal courts of jurisdiction is fraudulent and will not prevent removal. *Anderson v. Home Insurance Co.,* 724 F.2d 82, 84 (8th Cir. 1983). The right of an out-of-state defendant to remove a diversity suit to federal court cannot be defeated by a fraudulent joinder of a resident defendant. *Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007). Because it is clear that Defendant Hoyt has been named as a defendant in Plaintiff's Petition solely for the purpose of preventing removal of this case, this matter is properly removed. *See generally Bradley v. Wal-Mart Stores, Inc.*, 1:11-CV-76 SNLJ, 2011 WL 3471006 (E.D. Mo. Aug. 8, 2011).

23. Ignoring the fraudulently joined Defendant, no defendant is a citizen of Missouri, the state in where this action is brought. Accordingly the citizenship of all parties is diverse, as required for diversity jurisdiction under 28 U.S.C. § 1441(b) and this Court should accept jurisdiction of this case.

IV. **AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

24. Plaintiff has alleged she has suffered injury to her right knee which requires surgery, along with injuries to her hip and back. *See* Exhibit A, Plaintiff's Petition, ¶ 11. Plaintiff alleges that her injuries are "severe, permanent, and progressive in nature." *See* Exhibit A, Plaintiff's Petition, ¶ 11. In addition, Plaintiff alleges that she "has experienced, and will experience severe pain and altered sensation" and "has suffered and will suffer greatly for mental anguish, disruption of nature, and normal activities of daily living." *See* Exhibit A, Plaintiff's Petition, ¶ 11. Plaintiff is alleging damages for past and future medical expenses, past and future lost wages, and "lost of the quality and enjoyment of life that she experienced prior to this

6

incident." *See* Exhibit A, Plaintiff's Petition, ¶ 11.

25. Where a plaintiff alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party "must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Drobnak v. Andersen Corp.*, 561 F.3d 778, 786 (8th Cir. 2009). To satisfy the preponderance of the evidence standard, the party seeking removal must offer "some specific facts or evidence demonstrating that the jurisdictional amount has been met." *Hill v. Ford Motor Co.*, 324 F. Supp. 2d 1028, 1036 (E.D. Mo. 2004). Such facts can include "plaintiff's representations," or an "extensive list of serious and disabling injuries." *Miller v. CEVA Logistics*, 2008 U.S. Dist. LEXIS 2116 (W.D. Mo. 2008).

26. Here, Plaintiff has alleged she has suffered injury to her right knee which requires surgery, along with injuries to her hip and back, which are "severe, permanent, and progressive in nature." She is claiming both past and future medical expenses, past and future lost wages, and "lost of the quality and enjoyment of life that she experienced prior to" the incident.

27. Although Defendant denies liability, based upon Plaintiff's allegations in the Petition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C. §1332(a).

WHEREFORE, based on the above and foregoing, Defendant Walmart removes this action from the Circuit Court of Platte County, Missouri, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

/s/ Tracy M. Hayes
Bradley S. Russell          MO #39392
Tracy M. Hayes              MO #58555
SANDERS WARREN & RUSSELL LLP
40 Corporate Woods
9401 Indian Creek Parkway, Suite 1250

7

Overland Park, KS 66210
Phone: 913.234.6100
Fax: 913.234.6199
b.russell@swrllp.com
t.hayes@swrllp.com
**ATTORNEYS FOR DEFENDANT WAL-MART STORES EAST, LP**

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of August, 2020, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record:

Philip R. Holloway
DOUGHERTY & HOLLOWAY, LLC
7200 N.W. 86th Street, Suite T
Kansas City, MO 64153
Phone: 816.891.9990
Fax: 816.891.9905
pholloway@dh-law.com
**ATTORNEYS FOR PLAINTIFF**

    /s/    Tracy M. Hayes
Attorney

8

Case 5:20-cv-06111-HFS   Document 1   Filed 08/04/20   Page 8 of 8